[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO RESTORE TO DOCKET AND ENTER STIPULATED JUDGMENT MOTION (#119)
This case comes to this court as a motion to restore to the docket and to enter stipulated judgment being Motion #119. An objection was filed being Pleading #121. This court denies Motion #119 and sustains the objection in Motion #121.
The instant case was withdrawn on December 21, 2000. The motion to restore was filed on August 14, 2001, over nineteen months after the withdrawal. The court is aware of Audubon Parking and Sicaras. In Sicaras, the court addressed the issue of restoring the case to the docket under § 52-212a after four months. The court indicated that the parties could waive the provisions of the Section, as provided for in the statute and submit it to the jurisdiction of the court. The Sicaras court therefore found that § 52-212a related not to jurisdiction over the subject matter, but to jurisdiction over the person or parties. The court went on to indicate that the express inclusion of a provision where the parties may waive the four month limitation, underscores that issue. In the Sicaras case, the defendants moved to restore the case to the docket in order to enforce the settlement agreement. The plaintiff also waived the four month limitation by requesting in his opposition that the case be restored to the docket. The Sicaras court concluded the court had jurisdiction to restore the case to the docket.
The question of whether a case should be restored to the docket is one of judicial discretion. See, CFM of Connecticut Inc., v. Chowdhury,239 Conn. 375, 391 (1996).
The settlement agreement provided in Section 5, for reinstatement and restoration between the parties and for judgment to enter. It is clear from the evidence at the hearing on the motion that there is substantial dispute as to compliance by the plaintiffs and their right to file that judgment. Essentially, we are talking about a full-blown hearing on the original matter and no agreement. CT Page 1424
The court is troubled by the motion filed by the plaintiffs, wherein, it is stated as follows: "plaintiffs EIS International Services Corporation and EIS Leasing Corporation, formally known as Portal Connect, Inc., their successor in interest by merger and now known as SER Solutions, Inc., hereby move the court." This court has no idea of where Portal or SER Solutions do business and whether they are Connecticut corporations since no evidence was introduced to that. This case survived an earlier jurisdictional attack by the frailest of reeds. This court found that although the dispute clearly had nothing to do with Connecticut and that the plaintiff was not a Connecticut corporation, they did have a Connecticut office. Whether they still do or not, is something that this court has no evidence one way or the other.
What this court does know is that there is an agreement, there is a judgment, and both of them may be sued on. The plaintiff has lost no rights. The question of where is the proper forum, is for another day.
For all of the foregoing reasons, the motion is denied, and the objection is sustained.
KARAZIN, J.